The STATE of Ohio, Appellee,

v.

KIRKLAND, Appellant.

[Cite as *State v. Kirkland*, 191 Ohio App.3d 358, 2010-Ohio-5729.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100277.

Decided Nov. 24, 2010.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and William E. Breyer, Chief Assistant Prosecuting Attorney, for appellee.

Herbert E. Freeman, for appellant.

DINKELACKER, Judge.

{¶ 1} Defendant-appellant, Anthony Kirkland, appeals from convictions for murder under R.C. 2903.02(A) and gross abuse of a corpse under R.C. 2927.01(B). We do not reach the merits of his two assignments of error because we hold that this court lacks jurisdiction to hear the appeal.

## I.  Facts and Procedure

{¶ 2} Kirkland was indicted in case No. B–0904028 on one count of murder and one count of gross abuse of a corpse.  Those charges related to the murder of Kimy A. Rolison (also referred to as Kenya Robison) and the burning of her body.

{¶ 3} Subsequently, the state moved for joinder of that indictment with a previous indictment in case No. B–0901629.  That indictment contained 12 counts for offenses related to the aggravated murders of three other victims, some of which had death-penalty specifications.  The trial court granted the state's motion over Kirkland's objection.

{¶ 4} Kirkland pleaded guilty to both counts of the indictment in case No.  B–0904028.  The trial court deferred sentencing until after the disposition of case No. B–0901629.  Kirkland pleaded guilty to some of the counts in that case and was found guilty on those counts.  He went to trial on some of the counts and was also found guilty of those counts.  Some of the charges on which he was found guilty had death-penalty specifications.

{¶ 5} Following a penalty-phase trial on the capital offenses, the trial court held a consolidated sentencing hearing on both indictments.  It sentenced Kirkland to death in case No. B–0901629, as well as to several terms of incarceration.  In case No. B–0904028, it sentenced him to an indefinite term of imprisonment of 15 years to life on the murder count and to a term of 12 months' imprisonment on the gross-abuse-of-a-corpse count.  All the sentences in the two cases were to be served consecutively.

{¶ 6} Kirkland filed an appeal in case No. B–0901629 to the Ohio Supreme Court. He filed a separate appeal with this court in case No. B–0904028. He raises two assignments of error related to the sentencing in the latter case. But we cannot address these assignments of error because we must dismiss the appeal.

## II. Jurisdiction over Appeals in Capital and Noncapital Cases

{¶ 7} In 1994, Ohio voters approved Issue I, which amended Section 2(B)(2)(c), Article IV, Ohio Constitution, to provide for a direct appeal to the Ohio Supreme Court "as a matter of right in cases in which the death penalty has been imposed." It also amended Section 3(B)(2), Article IV Ohio Constitution, to eliminate the jurisdiction of courts of appeals "to review on direct appeal a judgment that imposes a sentence of death." These amendments applied to offenses committed on or after January 1, 1995.[1]

{¶ 8} Subsequently, the legislature amended R.C. 2953.02 to reflect those constitutional amendments. The statute states, "In a capital case in which a sentence of death is imposed for an offense committed on or after January 1, 1995, the judgment or final order may be appealed from the trial court directly to the supreme court as a matter of right."

{¶ 9} We find no case law on the exact issue presented in this case. But in discussing appellate review of noncapital charges, the Ohio Supreme Court has stated, "[T]he plain language of the amendments speaks of 'cases in which the death penalty has been imposed' and 'judgment that imposes the sentence of death.' (Emphasis added.) Section 2(B)(2)(c), Article IV, and Section 3(B)(2), Article IV Ohio Constitution. Thus the Supreme Court has jurisdiction over the whole case, instead of counts, charges or sentences."[2]

{¶ 10} The court went on to state, "[T]o so separate the convictions and appeals would lead to further delay, confusion in record transmittal, waste of judicial resources, possible inconsistency in decisions, and a further wait for the appeal to the Supreme Court from the appellate court on noncapital cases (albeit now only a two to three percent chance of being accepted instead of the current certainty of review). Such absurd consequences were surely never intended by the voters in passing such amendments and would thwart the very purpose of expeditious review of capital cases."[3] Thus, the supreme court has indicated that all of the charges should be treated as one case and appealed together.

---

1. *State v. Smith* (1997), 80 Ohio St.3d 89, 94, 684 N.E.2d 668.

2. Id. at 104, 684 N.E.2d 668.

3. Id.

### *III. Joinder and Jurisdiction*

{¶ 11} The criminal rules lend further support for that conclusion. In this case, the trial court granted the state's motion for joinder. It allowed the joinder of case No. B–0904028, the noncapital case, to case No. B–0901629, the capital case. Crim.R. 13 provides that "[t]he court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information."

{¶ 12} Two or more offenses may be charged in the same indictment if the offenses are "of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."[4] The series of murders that Kirkland committed were part of a course of criminal conduct that could have been charged in the same indictment. Therefore, they could be tried together under Crim.R. 13.

{¶ 13} Crim.R. 13 goes on to state, "The procedure shall be the same as if the prosecution were under such single indictment or information." If we treat the joined indictments in this case as a single indictment, then the convictions resulting from the joined indictments should have been appealed together.

{¶ 14} "[T]he courts of appeals shall not accept jurisdiction of any cases in which the sentence of death has been imposed for an offense committed on or after January 1, 1995. Appeals in such cases shall be made directly from the trial court to the Supreme Court of Ohio."[5] We hold that case No. B–0904028 should have been appealed along with case No. B–0901629 to the Ohio Supreme Court. This court does not have jurisdiction to hear this appeal, and we therefore dismiss it.

Appeal dismissed.

HILDEBRANDT, P.J., and HENDON, J., concur.

---

**4.** Crim.R. 8(A); *State v. Washington,* 1st Dist. No. C–090561, 2010-Ohio-3175, 2010 WL 2697078, ¶ 39.

**5.** *Smith* at 104, 684 N.E.2d 668.